UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-016-JMS-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JONATHAN DEMETRIUS JORDAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00016-JMS-DML |
| ) | |
| JONATHAN DEMETRIUS JORDAN, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Jonathan Demetrius Jordan has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 65. Mr. Jordan seeks immediate release from incarceration. Dkt. 73. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In January 2018, Mr. Jordan pled guilty to one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Dkts. 49, 50. According to his factual stipulation, Mr. Jordan was arrested outside of a convenience store pursuant to a warrant. Dkt. 36. During the search of his person, officials located a magazine loaded with seven rounds of .45 caliber ammunition in his pocket and a .45 caliber semi-automatic pistol in his backpack. Mr. Jordan further stipulated that at the time he possessed the gun and ammunition, he had several felony convictions on his criminal record. The Court sentenced Mr. Jordan to 72 months of imprisonment, followed by 3 years of supervised release. Dkt. 50. The Bureau of Prisons (BOP) lists Mr. Jordan's anticipated release date, including good-conduct time, as May 30, 2022.

Mr. Jordan is 50 years old. He is currently incarcerated at USP Coleman I in Sumterville, Florida. As of April 21, 2021, the BOP reports that 2 inmates and 2 staff members at USP Coleman I have active cases of COVID-19; it also reports that 108 inmates at USP Coleman I have recovered from COVID-19 and that no inmates at USP Coleman I have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 22, 2021).

In September 2020, Mr. Jordan filed a pro se motion for compassionate release and supplement. Dkts. 65, 70. The Court appointed counsel. Dkt. 66. Appointed counsel filed a supporting memorandum, dkt. 73, the United States responded, dkt. 75, and Mr. Jordan filed his reply, dkt. 76. Thus, the motion is now ripe for decision.

## II. Discussion

Mr. Jordan seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 73. Specifically, he contends that his advanced age (50 years old) and underlying medical conditions (epilepsy and being overweight), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Jordan has not established extraordinary and compelling reasons for release; that he would pose a danger to society if released; and that the factors under 18 U.S.C. § 3553(a) do not favor release. Dkt. 73.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is

also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

---

[1] The United States concedes that Mr. Jordan has exhausted his administrative remedies. Dkt. 75 at 6.

4

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by

prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Jordan does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Jordan claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including epilepsy and being overweight) that

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Jordan's warden in denying Mr. Jordan's administrative request for relief. Dkt. 65-1. Mr. Jordan's warden appears not to have considered the possibility that Mr. Jordan could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsections (A)-(C). *Id.* Thus, the warden's decision provides little guidance to the Court's analysis.

increase his risk of experiencing severe COVID-19 symptoms. Dkt. 73. The United States argues that his epilepsy is well-controlled, and Mr. Jordan does not have medical conditions that would establish extraordinary and compelling reasons to possibly warrant compassionate release. Dkt. 75. The Court need not resolve this dispute, however, because even if it assumes for purposes of this motion that Mr. Jordan has established extraordinary and compelling reasons that could potentially warrant compassionate release, the applicable § 3553(a) sentencing factors weigh against granting relief.

Pursuant to § 3553(a), the following are relevant factors for the court to consider at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Jordan's motion.

Here, Mr. Jordan claims to suffer from several medical conditions that can increase his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Apr. 20, 2021) (identifying neurological conditions and being overweight as conditions that can make you more likely to get severely ill from COVID-19). While USP Coleman I experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Apr. 20, 2021) (showing only 2 inmates with active COVID-19 infections). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of April 19, 2021, 1343 inmates and 463 staff members at FCC Coleman (of which USP Coleman I is a part) have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Jordan faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Jordan's favor in the analysis of the § 3553(a) factors, he represents that he was studying for his GED before programming stopped due to the pandemic. The Court also acknowledges that Mr. Jordan has dealt with a significant amount of trauma in his life, beginning at a young age.

Weighing against him, Mr. Jordan possessed a gun and, while he argues it was not loaded, he had the ammunition in his pocket.  Mr. Jordan also has several serious felonies in his criminal history, including: (1) criminal recklessness in 1989; (2) robbery in 1989; (3) possession of cocaine and possession of paraphernalia in 1997; (4) residential entry in 1998; (5) possession of cocaine in 2004; (6) possession of cocaine and battery resulting in bodily injury in 2004; (7) possession of cocaine in 2004; (8) sale or delivery of cocaine in 2008; and (9) grand theft auto in 2009. Dkt. 40. Several of the felonies involved the use of violence by Mr. Jordan, including throwing hot water on a woman and choking her with a baseball bat and breaking a man's jaw severely enough to

require surgery. On multiple occasions, Mr. Jordan had his probation revoked and was remanded to custody to serve additional jail time. Mr. Jordan was on probation for a drug conviction when he committed the offense in this case. During Mr. Jordan's approximately four years in custody, he has continued to violate the rules, and amassed six disciplinary infractions. Among the most serious, Mr. Jordan had violations for disruptive conduct-greatest, fighting with another person[3] and threatening bodily harm. The threatening bodily harm charge occurred only a little more than one year ago, in March 2020. He also had a charge of indecent exposure from the same date. Finally, Mr. Jordan still has slightly less than one quarter of his sentence remaining and is not scheduled to be released for more than a year.

In light of the above, the Court finds that releasing Mr. Jordan early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks that prisoners with underlying conditions such as Mr. Jordan face from COVID-19, but it cannot find that the magnitude of those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the

---

[3] The Court notes that for this charge, Mr. Jordan maintains that he was not fighting, only protecting himself from another individual who stabbed him in the head. Dkt. 73 at 25. Despite Mr. Jordan's contention, the BOP found him guilty of the violation and sanctioned him. Dkt. 73-5.

"extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Jordan's motion for compassionate release, dkt. [65], is **denied**.

**IT IS SO ORDERED.**

Date: 4/23/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel